UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09-CV-290

**JEFFREY TODD BOWERS**                                            **PLAINTIFF**

v.

**STATE FARM INSURANCE COMPANY,**
**RON REEVES and PATRICK WARREN**                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Alter or Amend this Court's Memorandum Opinion Entered on January 25, 2011 (Docket #86). Defendants have responded (Docket #88). Plaintiff has replied (Docket #91). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

The Court discussed the facts of this case extensively in the previously filed January 25, 2011, Memorandum Opinion (Docket #83). Accordingly, the Court provides only a brief summary of the facts here.

Plaintiff Jeffrey Todd Bowers, an African American male, worked for Defendant State Farm for approximately 24 years before he was terminated in May of 2008. In 2006, Bowers chose to apply for State Farm's Agency Career Track program, which is intended to provide State Farm with a pool of "Agency Interns" who complete training and may be considered for unexpected Agency openings, i.e., independent contractor positions with State Farm. On January 7, 2007, Bowers received notice that he was an Approved candidates and had been placed in the "Agency Career Track Approved Candidate Pool." On January 10, 2007, Bowers signed a "Declaration of Understanding/Statement of Intention" form indicating he wished to

continue in the process. In late January or early February 2008, Defendant Ron Reeves began investigating Bowers' reported figures, reported miles on his company car, resident insurance license, and issuance of Agent Draft Authority drafts.

On February 22, 2008, following the conclusion of his investigation, Reeves asked Terry Lyons, a member of State Farm's Internal Auditing Department, to conduct an independent investigation of Bowers. On April 15, 2008, Bowers met with Reeves, Lyons, and Defendant Patrick Warren, Vice President of Agency for Ohio for State Farm Mutual. Upon consideration of Bowers' actions and his responses, Reeves made the decision to terminate Bowers for violation of State Farm's Code of Conduct. Warren agreed with Reeves's decision and Bowers was terminated on May 20, 2008.

During the time Bowers was an Agency Intern, three Agent positions in the Louisville, Kentucky, area became available. Bowers did not receive any of these positions. The first went to Jeff Flood, a Caucasian male. The second went to Mark Cumella, also a Caucasian male. The third Agent position went to Carmel Stauffer, a Hispanic female. Bowers argues that he was never genuinely considered for the position that went to Cumella and he should have been considered before Stauffer for the third Agent position because he was the only Approved candidate at the time.

Bowers filed suit in Jefferson Circuit Court on March 24, 2009, against State Farm and Reeves and Warren in their official capacities as representatives of State Farm. State Farm filed a Notice of Removal in this Court on April 20, 2009, on the basis of diversity jurisdiction. Plaintiff filed an Amended Complaint on April 1, 2010. Defendants filed a motion for summary judgment on November 1, 2010. The Court granted that motion on January 25, 2011. Plaintiff

now asks the Court to reconsider its ruling.

## STANDARD

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## DISCUSSION

Plaintiff's Amended Complaint asserts four causes of action: (1) breach of contract; (2) fraudulent inducement; (3) racial discrimination; and (4) retaliatory discharge. The Court granted summary judgment as to all four claims in its January 25, 2011, Memorandum Opinion. Plaintiff's motion to alter now challenges the Court's ruling on Plaintiff's fraudulent inducement and racial discrimination claims.

**I.     Fraudulent Inducement**

As noted in the Court's prior opinion, to succeed on a claim for fraudulent inducement, Plaintiff must establish the following elements of fraud by clear and convincing evidence:

    a)    material representation
    b)    which is false
    c)    known to be false or made recklessly
    d)    made with inducement to be acted upon

  e) acted in reliance thereon and
  f) causing injury.

*United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citing *Wahba v. Don Corlett Motors, Inc.*, 573 S.W.2d 357, 359 (Ky. 1978)). The Court held that Plaintiff had failed to allege a material representation indicating that Plaintiff was guaranteed an Agency position just because he was an Approved candidate, and thus, his fraudulent inducement claim must fail. Mem. Op., DN 83, p. 14.

  Plaintiff now argues that the Court erred by applying the clear and convincing standard to Plaintiff's claim at the summary judgment stage. This argument is without merit. "[T]he inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Thus, where the nonmoving party faces a heightened burden of proof, such as clear and convincing evidence, he must show in opposition to the motion for summary judgment that he can produce evidence which, if believed, will meet the higher standard." *White v. Turfway Park Racing Assoc., Inc.*, 909 F.2d 941, 944 (6th Cir. 1990) (citation omitted); *accord Gooch v. E.I. DuPont de Nemours & Co.*, 40 F. Supp. 2d 857, 860-61 (W.D. Ky. 1998) ("Plaintiff must prove each of these six elements [of common law fraud] by clear and convincing evidence. . . . Plaintiff must satisfy this enhanced burden even at the summary judgment stage."). Accordingly, the clear and convincing evidence standard was properly applied in this case.

  Next, Plaintiff argues that the Court erred by stating that Plaintiff's fraudulent inducement claim was based upon the "Declaration of Understanding /Statement of Intention" form. Plaintiff argues that his claim could not be based upon this form because he was unaware

of the "no guarantee" provision contained in the document until after the initiation of this litigation. Instead, his claim was based solely on oral representations. Plaintiff's response brief to the motion for summary judgment clearly references the "Declaration of Understanding/Statement of Intentions" document, however, during his discussion of fraudulent inducement. *See* Pl.'s Resp., DN 50, p. 8 ("State Farm represented to Plaintiff that 'upon successful completion of the internship program and meeting current eligibility requirements, the candidate will be appointed an agency position.'" (citing the "Declaration of Understanding/Statement of Intention" form signed by Plaintiff on January 10, 2007)). It is inaccurate for Plaintiff to now argue that he did not rely on this document in making his argument.

Further, Plaintiff overlooks the Court's continued discussion of his fraudulent inducement claim, in which the Court *does* address any alleged oral representations:

> In addition, Plaintiff has failed to identify any other false material representations that he was guaranteed a position, other than that his particular situation conflicted with his general understanding of how things worked at State Farm. There is no evidence that any employee of State Farm made a statement to him that he would absolutely be appointed to an Agency position if he successfully completed the program. Therefore, the evidence demonstrates that there was no guarantee of an Agency position, and Plaintiff's fraudulent inducement claim based on this alleged guarantee must fail.

Mem. Op., DN 83, p. 13. Thus, the Court sufficiently addressed Plaintiff's allegations of oral representations in its Memorandum Opinion, in addition to the "Declaration of Understanding/Statement of Intention" form.

Plaintiff admits that he is unaware of the time and place in which any oral representations were made, and he cannot specify the individual who made such statements. Plaintiff argues, however, that fraud may be established by circumstantial evidence and cites to *Rickert*, 996

S.W.2d at 468. In *Rickert*, the Kentucky Supreme Court held that Rickert did not have to specifically identify the individual who made representations to him in order to establish fraud. *Id.* at 468. Rickert's case, however, differs substantially from the case currently before the Court. Rickert presented evidence of a meeting in which an official from the company addressed the employees. *Id.* In addition, Rickert presented evidence of later communications with the company and "testified to the oral promises of employment at the fall meeting." *Id.* He had notes from the meeting concerning seniority and pay. *Id.* In addition, other witnesses had testified that they had heard the same promises from the company. *Id.* In contrast, Plaintiff could not identify the time, place, or person who made oral representations to him, much less the content of those communications. He failed to present any evidence of other witnesses who may have heard the same representations. Plaintiff's evidence is simply insufficient to establish, by clear and convincing evidence, that any false material representations were made to Plaintiff.

## II. Racial Discrimination

Next, Plaintiff asks the Court to reconsider its rulings as to his racial discrimination claim. Specifically, Plaintiff challenges the Court's determinations as to the agency spots awarded to Mark Cumella and Carmel Stauffer.

### A. *Mark Cumella Agency Position*

Plaintiff alleges that the Court applied the wrong evidentiary standard for considering evidence presented in support of a motion for summary judgment. The Court's Memorandum Opinion granting summary judgment held:

> Plaintiff alleges that the interview process was rigged and Plaintiff was not genuinely being considered for the position. In support of this argument, Plaintiff references the phone conversation between Cumella and Henry prior to the interview during which Henry offered the position to Cumella. Plaintiff's

6

> recollection of this conversation, however, is hearsay and inadmissible at trial. Therefore, it cannot be used to create a genuine issue of material fact. *See Wiley v. United States*, 20 F.3d 222, 225 (6th Cir. 1994) ("[H]earsay evidence cannot be considered on a motion for summary judgment."). In addition, Plaintiff never states how he has personal knowledge that Cumella met with Henry and the outgoing Agent prior to the interviews. *See id.* ("Rule 56(e) requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify.").

Mem. Op., DN 83, p. 24-25. Plaintiff asserts two arguments: (1) that the evidence presented, although hearsay, is sufficient because a non-moving party does not have to take depositions of its own witnesses or present already admissible trial evidence in response to summary judgment motions; and (2) Plaintiff's account of Cumella's statements is admissible because such statements are "present sense impressions" and "excited utterances."[1]

Plaintiff cites to *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), in support of his argument that the evidence presented is sufficient for summary judgment purposes. In *Celotex*, the Supreme Court noted as follows:

> We do not mean that the moving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings

---

[1]Plaintiff also argues that "Defendant cannot claim there is no material factual dispute of Mark Cumella being preselected . . . when they have in fact not identified any affirmative evidence to the contrary." Pl.'s Motion to Alter, DN 86, p. 4. This argument must fail, however, as it impermissibly shifts the burden of proof to Defendants. *See White v. Baxter Healthcare Corp.*, 533 F.3d 381, 392-93 (6th Cir. 2008) ("[T]he burden shifts back to the plaintiff to show that the defendant's proffered reason was not its true reason, but merely a pretext for discrimination."). In addition, there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis in original). To be clear, Plaintiff had every opportunity to depose Sherry Henry and question her about her conversations with Cumella, but he chose not to do so.

> themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

*Id.* at 324. Plaintiff misunderstands the Supreme Court's meaning. Plaintiff believes this portion of *Celotex* supports the notion that hearsay evidence is acceptable for summary judgment purposes as such evidence will be admissible at trial when testified to by Cumella and Henry. The Sixth Circuit, however, has interpreted *Celotex* differently:

> The submissions by a party opposing a motion to summary judgment need not themselves be in a form that is admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). Otherwise, affidavits themselves, albeit made on personal knowledge of the affiant, may not suffice, since they are out-of-court statements and might not be admissible at trial. *See* Fed. R. Evid. 801(c), 802. However, the party opposing summary judgment must show that she *can* make good on the promise of the pleadings by laying out enough evidence that *will* be admissible at trial to demonstrate that a genuine issue of material fact exists, and that a trial is necessary. Such "'evidence submitted in opposition to a motion for summary judgment must be admissible.'" *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (quoting *United States Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997)). That is why "'[h]earsay evidence . . . must be disregarded.'" *Ibid.*; *see also North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997) . . . .

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (emphasis in original).

In this case, Plaintiff has presented only hearsay evidence as to the conversation that allegedly took place between Cumella and Henry. Plaintiff has failed to present any further evidence and the Court cannot say that Cumella or Henry would testify in accordance with Plaintiff's assertions. In other words, while Plaintiff is certainly not required to depose his own witnesses, he could have presented some other document or affidavit (from Cumella, for example) which identifies evidence of the conversation and, while not perhaps submitted in a *form* that would be admissible at trial, indicates that such evidence will be admissible at trial in

an admissible form, i.e., direct testimony. Merely asserting "this is what these people will testify to" is insufficient to survive summary judgment.

Plaintiff's argument that Cumella's statements are not hearsay because they are "present sense impressions" or "excited utterance" is not compelling. A present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1). An excited utterance is defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress or excitement caused by the event or condition." Fed. R. Evid. 803(2). The Court notes that Plaintiff has failed to identify specific "statements" that Cumella made such that the Court could identify whether such statements fall under one of these hearsay exceptions. Rather, Plaintiff speaks in more general terms about what he overheard.

In addition, Plaintiff has failed to demonstrate to the Court how these hearsay exceptions apply. While the Court seriously doubts that the alleged conversation between Cumella and Henry was so startling as to "render inoperative the normal reflective thought processes of the observer," the Court cannot make such a determination because Plaintiff has failed to present evidence of the effect the event had on Cumella. *See* 2 MCCORMICK ON EVID. § 272 (6th ed.). Nor does the Court believe the "present sense impression" exception applies here. While Cumella certainly made statements during the telephone call, this call *was* the "event." The Court does not know what was said to Plaintiff following this event, if such statements directly concerned Cumella's perceptions of the event, and if these statements were made immediately after the phone call. *See United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 323 (4th Cir. 1982). As this is already Plaintiff's "second bite at the apple" and Plaintiff has failed to provide

9

sufficient information for the Court's analysis, the Court's original ruling stands.

   B.   *Carmel Stauffer Agency Position*

Finally, Plaintiff challenges the Court's ruling as to the Agent position that was given to Carmel Stauffer. In discussing the issue of pretext, the Court noted as follows:

> Plaintiff's only objection as to the selection of Stauffer appears to be that she was not an Approved candidate at the time of her selection, and he should have been the next person chose for an Agent position. This argument, however, does not refute the facts of State Farm's legitimate, non-discriminatory reason. As noted earlier, there was no guarantee that Approved candidates would obtain an Agency position before non-approved candidates–just that Approved candidates would be considered first. Plaintiff also acknowledges that he was under investigation at the time candidates were being considered for the position eventually filled by Stauffer, which supports State Farm's non-discriminatory reason for his non-selection. For these reasons, Plaintiff has not established pretext as to Stauffer.

Mem. Op., DN 83, p. 23. Plaintiff now argues that there is a material factual dispute as to whether there was a "first in, first out" policy and that there is plenty of evidence in the record to find that the investigation was done in bad faith.

Based upon the evidence before the Court, there is no guarantee to Agent Interns that an Approved candidate will automatically receive an Agent position before a non-approved candidate. While there are some "first in, first out" guidelines internally, these appear to be discretionary. *See* Ex. 6 to Ronald Reeves May 21, 2010, deposition. Even if there is such a policy within the company, an employer's failure to follow its own policy is generally not enough to establish pretext on its own. *See Williams v. Columbus Metro. Housing Auth.*, 90 F. App'x 870, 876 (6th Cir. 2004) (citing *Fischbach v. District of Columbia Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996)).

In addition, Plaintiff admits that he was under investigation at the time. Moreover, Plaintiff has not alleged that Sage Kohler, who chose Stauffer for the position instead of

Plaintiff, had knowledge of the details of the investigation. Instead, Kohler merely asserts that she knew Plaintiff was under investigation for integrity issues and that a decision regarding his employment was forthcoming. It is not the legitimacy of the investigation that is at issue here, but rather whether Plaintiff was under investigation at the time, which is an undisputed fact. Were Plaintiff attempting to establish pretext as to his termination, certainly the legitimacy of the investigation would be important. Here, however, Plaintiff has failed to present enough evidence to challenge that he was not given the Stauffer position because he was under investigation, no matter the outcome of the investigation. Thus, he has failed to create a genuine issue of material fact as to pretext.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend this Court's Memorandum Opinion Entered on January 25, 2011, is DENIED.

Plaintiff shall have **fourteen (14) days** to respond to Defendants' Bill of Costs (DN 85).